"Wheeler, J.
Tested by the rules which have been recognized by repeated decisions of this court, wo think the verdict sufficiently certain to enable the court to give judgment upon it. (Burton v. Anderson, 1 Tex. R., 93; Burton v. Bondies, 2 Id., 203; Mays v. Lewis, 4 Id.)
A verdict is sufficiently certain which finds the issue, and may he rendered certain by reference to the pleadings. So, a verdict was held sufficiently certain which found for the plaintiff “the debt in the declaration mentioned.” (1 How. Miss. R., 579; 4 Leigh R., 114.) It will be sufficient, if it can be ascertained what the intention'of the jury is. (I Dali. R., 458.)
Note 34. — Wills v. Barnett, post, 584; Parker v. Leman, 10 T., 116; Avery v. Avery, 12 T., 54; Gal breath v. Atkinson, 15 T., 21; Moke v. Fellman, 17 T., 367; Pearce u. Bell, 21 T., 688; New-comb v. Walton, 41T., 318.
By the “sum sued for,” the jury evidently meant the principal smn set out ami claimed'in the petition. Interest was nowhere mentioned in staling the cause of action, but only in tlie prayer for relief. But if tlie verdict had found interest, tlie objection might have been removed by a remittitur, which it has been the practice of this court to allow at anytime before judgment.
Was tlie plaintiff entitled to recover back from tlie surveyor the money paid him? Or did tlie law authorize tlie surveyor to exact tlie fees received by him in tills instance? for. if it did not, it can scarcely admit of a question that the plaintiff- was entitled to recover back tlie money.
In support of the right of the surveyor to make tlie charge, we are referred to article 1369 of the Digest, which authorizes the surveyor to charge “for each examination of papers and records in his office, at the request of any person wishing to examine them, twenty-five cents.”
This provision has reference to those “papers and records” which properly belong to the office and custody of tlie surveyor; and the charge is allowed when the examination is made of those papers, &e., on request. Here there is no evidence of such examination. Tlie surveyor was not required to make an examination of jiapers or records in his office in order to determine whether the certificates in question had been duly recommended as legal and genuine. All he could be required to do was, to see whether tlie certificates were, accompanied with the requisite evidence of their having been recommended by the proper tribunal as legal and genuine certificates. If not, lie could not be required to receive or make surveys upon them. (Bracken v. Wells, 3 Tex. R., 88.) If the certificates had been accompanied with applications, properly made, for locations, I entertain no doubt that tlie surveyor, if satisfied from any authentic source of their having been duly recommended, might have filed them, and charged tlie fees allowed for that purpose. But that was not the charge made by him; and we are not aware of any law by which, on the evidence in the record, this charge can he maintained as á charge for official services.
But it is insisted that, if not properly chargeable as fees of office, still the surveyor has the right to retain the money, as a just compensation for services actually performed by him, at the instance of the plaintiff, not in his official but in his personal capacity.
If tlie money had been paid for services actually rendered in respect to these certificates, other than official services; or if it did not appear that tlie sum now sought to he recovered liad been exacted by the surveyor as fees of office, there would he much force in tlie argument that the services having been stipulated for, and the price agreed on" paid, it could not he recovered hack. But it is sufficient, for tlie present inquiry, that it is agreed that the money was exacted and received by tlie officer as fees of office, and not then, nor at the trial, claimed as money to which he was entitled, or which he ought to be permitted to retain, as a just compensation for services rendered by him in his private, personal capacity; and, moreover, that there is in the record no evidence of services rendered which would have justified the detention of the money on that ground. Whether any and what services were rendered by the defendant, does not distinctly appear. At the trial, he asserted the right to retain the money, oil the sole ground that it was properly chargeable as fees of office; and if a different ground could now be considered, there is nothing in the record to support it.
We see no error in tlie judgment, and are of opinion that it be affirmed.
Judgment affirmed.