AMERICAN TELEPHONE AND TELEGRAPH COMPANY v.
C. C. KERSH ET AL.

Decided November 21, 1901.

**1.—Telephone Company—Ownership of Branch Line.**

See evidence, in an action for personal injuries caused by plaintiff's coming in contact with a telephone wire not strung high enough, held sufficient to sustain a finding that a branch telephone line, on which such wire was strung, and extending from the main line of the defendant company to a mill, was the property of and controlled by such company, although a private person had furnished the right of way and poles and assisted in its construction, and, having rented the telephone, divided the tolls with the company.

**2.—Same—Charge—Issue of Lease.**

Where there was no evidence to show that the defendant telephone company had leased the branch line to a third party, the court properly refused to charge upon the theory of such a lease.

**3.—Same—No Issue and Charge Where Evidence Conclusive.**

The evidence conclusively showing that the person making the repairs of the telephone line which left the wire strung too low was employed by one authorized by defendant to employ him for that purpose, the court properly refused to charge upon the issue of whether or not such person was authorized by the company to make the repairs.

**4.—Same—Statutory Right to Lease.**

The right to lease conferred by article 701, Revised Statutes, is the power to acquire or join the the lines of other corporations; and the statute does not apply in the case of a branch line connecting a private person or business with the main line of a telephone corporation.

**5.—Evidence—Proof of Agency.**

Where an agent testifies directly that he was agent, this is not proof of agency by proving the declarations of the agent. .

**6.—Charge of Court—Request Necessary.**

˙ The mere omission of the court to charge upon impeaching evidence is not reversible error where no request is made for such charge.

**7.—Same—Charge Not on Weight of Evidence.**

Upon the issue as to whether or not a branch line connecting with defend-

ant's main telephone line was owned by it, a charge referring to the "main line"' was not on the weight of evidence as calculated to cause the jury to believe the. court was of opinion that the branch line belonged to defendant.

Appeal from Shelby.    Tried below before Hon. Tom C. Davis.

*Branch, Harris, Matthews & Beeson,* for appellant.

*Blount & Garrison* and *Baker, Botts, Baker & Lovett,* for appellees.

GARRETT, CHIEF JUSTICE.—This action was brought in the District Court of Shelby County by the appellee C. C. Kersh, against the appel-- lant, American Telephone and Telegraph Company, and the appellee Houston East & West Texas Railway Company, to recover damages for personal injuries received by the appellant while in the employ of the railway company by being dragged from the top of a car by a wire sus- pended over the line of the railway.    It was alleged in the petition that the wire was a part of the line of the appellant, and was not suspended high enough above the railway track to permit cars to pass under it with- out injury to the employes of the railway company.    The defense on the part of the telephone company was, that the line where it crossed the railway track did not belong to the appellant, and that it was not charged with the duty of keeping it in repair.    There was a trial by jury, which resulted in a verdict in favor of Kersh against the telephone company for the sum of $2000, and in favor of the railway company.

Appellant owned and operated a telephone line running along the dirt road from Nacogdoches to Logansport, through Appleby and Garri- son.  Payne's mill was situated on the railway between Appleby and Garrison, about seven miles east from the former place and about a half mile from its line.    Payne had a store at Appleby, and desiring to con- nect his store and mill by telephone, he contracted with the appellant to put in telephones for him and make connections with its line at Ap-- pleby and the mill.    For the telephone at Appleby Payne paid the ap-- pellant $10 a month, he receiving the tolls on outgoing messages, and' the appellant those on all messages to Applyby.    In order to make the- connection at Payne's mill it was necessary to build a line one-half a' mile long, crossing the railway track.    The construction of this line was: the subject of some negotiation between Branch, the president of ap- pellant, and Payne, the result of which was that Payne agreed to fur- nish the right of way and the poles and assistance in the construction,. and the appellant agreed to furnish the wire and construct the line.. Appellant furnished the telephone, for which it received a rental of $4- a month, and the tolls on all messages sent to the mill, and Payne re- ceived the tolls on outgoing messages.    At both places Payne gave at- tention to the telephones and notified persons called for to answer in- coming messages.    There was evidence to show that the appellant at different times had repaired the line to the mill.    We conclude that the finding of the jury that the line from the main line to the mill was:

the property of the appellant is fully sustained by the evidence, and it is adopted by us.   On August 25, 1899, the appellee Kersh, while in the employ of the railway company, was riding on the top of a box car and was struck by the wire extending from appellant's main line to Payne's mill over the railway track, and thrown to the ground and seriously injured, sustaining damages to the amount of the verdict.   It was shown by the evidence that the wire had been down and on that day had been put up again by a man in the empploy of the appellant and that after it had been put up it hung so low as to obstruct the passage of the train.   We conclude that the appellee Kersh was injured without fault on his part by the negligence of the appellant in failing to suspend the wire high enough to permit the train to pass under it with safety to a person on the top of a car.

The first and second assignments complain of the refusal of the court to give peremptory instructions to the jury to find in favor of the appellant on the ground that it did not own and had no control over the line.   These were properly refused because, as above stated, the evidence fully sustains the finding of the jury to the contrary.   There was no error in refusing special charge number 8 requested by the appellant upon the theory of a lease of the line to Payne, because there is no evidence tending to show a lease that by implication of law would relieve the appellant of the duty to keep the line in repair.   The language used by Payne that he owned the line by a lease was explained by him, and the facts as stated both by him and Branch fail to show such a lease. The right to lease conferred by statute (Revised Statutes, article 701), is the power to acquire or join the lines of other corporations, and is not applicable to this case.   Special instruction number 3 was properly refused, because it made appellant's liability depend upon whether or not Lawson was directed to repair the line by anyone authorized to act for the company, when the evidence showed that Atkinson had charge of the telephone at Appleby, and at the direction of Branch employed Lawson to repair the line east of Appleby; that Lawson did so, repairing it about four miles out, and again at the place of the accident; that Lawson reported to Atkinson that the line had been repaired at Payne's mill, and Atkinson paid him for the work, and reported to Branch that the line had been repaired at Payne's mill; that Lawson reported to Atkinson after the accident happened, and the money paid to him was retained by Atkinson out of the company's receipts.   Atkinson says that the only instructions he gave Lawson were to go and fix the line. Lawson says he told him to fix it from Appleby to Payne's mill.   Other evidence showed that the company repaired the Payne's mill line at other times, and that whenever the line needed repair in and about Appleby, Atkinson would have it fixed up at the request of Branch; and that Branch had promised Payne to send a lineman to repair the line.   Thus it so conclusively appears from the evidence that the appellant was not only bound to keep the line in repair, but that Atkinson had authority

to employ Lawson to do the work in the particular instance, it would have been error for the court to have submitted to the jury as an issue upon which the appellant's liability depended, the authority of Atkinson to have the work done.    For the above reasons special instruction number 9 was also properly refused.    Special instruction number 6 was not applicable to the evidence.    Atkinson testified directly that he was the agent of the company at Appleby.    This is not proof of agency by proving the declarations of the agent.

The fact that Paynes should have given directions to Lawson, when he went to repair the line, how it should be fixed, taken in connection with the other evidence, did not warrant the fourth and tenth special instructions requested by the appellant.    As already stated, the finding of the jury as to the ownership and control of the line was fully sustained by the evidence.    It was proper to introduce in evidence the written statement made by Payne for Branch to discredit or impeach his testimony, but the failure of the court to charge upon the subject of impeaching testimony was not error, as complained of under the eleventh assignment.    There were no special circumstances to call for such a charge, and if there had been, the mere omission of the court to charge without request would not have been ground for reversal of the judgment.

We find no error in the charge of the court.    By referring to the appellant's line to which the line to Payne's mill was connected as the "main line" was not upon the weight of evidence or calculated to cause the jury to believe that the court was of the opinion that the Payne's mill connection belonged to appellant.    Nor did the use of the word "accommodation" in the charge indicate that appellant must have put up the line free of cost to make it the property of Payne.    The thirteenth and fourteenth assignments can not therefore be sustained.    What has been already said disposes of the fifteenth and sixteenth assignments of errror, which attack the sufficiency of the evidence.    The judgment of the court below will be affirmed.

*Affirmed.*

Writ of error refused.