## J. H. Rainey v. C. D. Kemp.

### Decided March 19, 1909.

**1.—Attachment—Damages—Evidence.**

In an action for damages for wrongfully, unlawfully and maliciously suing out an attachment under which the plaintiff's stock of merchandise was seized and detained, evidence that when the levy was made there was no more goods than was sufficient to pay the debt was immaterial and inadmissible.

**2.—Same.**

In an action for damages for wrongfully, unlawfully and maliciously suing out an attachment, evidence that the officer executing the writ had no intention to injure the defendant therein in making the levy, was immaterial and should have been excluded.

**3.—Same—Report of Mercantile Agency—Rebuttal.**

Where, in an action for damages for suing out an attachment, the plaintiff testified as to his rating in Dun's Agency, the report of the agency was admissible for the purpose of contradicting him.

**4.—Same—Grounds of Attachment—Affidavit.**

In an action for damages for suing out a writ of attachment, the plaintiff, upon the issue of whether the writ was sued out without probable cause, had the right to show the falsity of the grounds stated in the affidavit for attachment and that there was no probable cause to believe them true, and in this connection the affidavit was admissible as showing the grounds.

**5.—Agency—Proof—Declarations of Agent.**

Where the party making the affidavit for attachment testified that he was the agent of the plaintiff in the proceedings and was authorized to make it, a charge that the jury should not consider the declarations of such party as to the extent of the authority given him, was error. The rule that proof of agency cannot be made by the declaration of the agent to a third party had no application.

**6.—Same—Ratification—Husband and Wife.**

Where in an action for damages for suing out an attachment it appeared that the only bond in the attachment proceeding was one signed by the wife of the plaintiff therein, but that the husband ratified her acts by adopting the attachment and seeking to have the same foreclosed, an instruction that the wife was not the agent of the husband unless she was expressly authorized, was erroneous.

**7.—Attachment—Affidavit—Bond—Judgment.**

A judgment quashing the attachment on the ground that no affidavit or bond was made before the issuance or levy was conclusive of that fact in an action for wrongfully suing out the writ.

**8.—Measures of Damages—Attachment.**

In an action for suing out an attachment and detention of goods under the writ until same is quashed, the measure of damages is the legal interest upon the value of the goods during the time they are detained under the illegal process. If there be deterioration or depreciation in the goods, this is an element of actual damages, but not ground for exemplary damages.

**9.—Charge—Weight of Evidence.**

A charge collating all the evidence interposed as a defense to the claim for exemplary damages, and directing the attention of the jury thereto in emphatic manner, was upon the weight of the testimony and reversible error.

**10.—Exemplary Damages—Advice of Counsel.**

That the plaintiff in attachment acted on the advice of counsel will not

affect his liability for exemplary damages, unless he in good faith made a full and free disclosure of all the facts within his knowledge.

Appeal from the District Court of Matagorda County. Tried below before Hon. Wells Thompson.

*Holland & Krause,* for appellant.

*Gaines & Corbett,* for appellee.

REESE, ASSOCIATE JUSTICE.—J. H. Rainey sued C. D. Kemp in the District Court to recover damages for the wrongful, unlawful and malicious suing out by Kemp of a writ of attachment out of the Justice Court, under which his stock of merchandise was seized and detained by the officer and his place of business closed for about thirty-five days; and also for the wrongful and malicious suing out of an immediate execution out of the Justice Court upon a judgment in the same case, the writ of attachment having been quashed, and the seizure of his stock of merchandise thereunder. Damages both actual and exemplary were claimed in the aggregate sum of over $10,000. Upon trial with a jury there was a verdict for defendant and from the judgment plaintiff appeals.

We are inclined to think that the constable Showalter should not have been allowed to testify, over the objection of appellant, that when he made the levy there was no more goods than sufficient to pay defendant's debt. The evidence was immaterial under the pleadings. The evidence, however, could not have influenced the verdict, and is not cause for reversal. We only pass upon it in view of another trial. The objection is presented in the first assignment of error. The same may be said with reference to the testimony of the same witness, that he had no intention to injure appellant in making the levy, as set out in the second and third assignments. The constable's intentions or motives were matters of no concern.

We call attention to what has been said by the Supreme Court in Ross v. Kornrumpf (64 Texas, 395-6), that in a case like the present, where each party had produced evidence sufficient to establish his side of the question upon this issue, "a feather's weight of illegal testimony must not be thrown into the scales to turn them in favor of either of the litigants."

There was no error in the admission in evidence of the report of R. G. Dun & Company Mercantile Agency to show appellant's commercial rating, under the facts of this case. Appellant had testified as to his rating in Dun's Agency, and the report was admissible to contradict him. The eighth and ninth assignments of error presenting the question are overruled.

The affidavit of attachment made by Browning as agent of appellee was admissible to show the grounds upon which the attachment was sued out. There was evidence which tended to show that it was upon this affidavit the attachment was predicated, and that, even if it was not made until after the writ was issued and levied, appellee pressed the attachment and secured a judgment foreclosing the same, which

was afterwards set aside and the attachment quashed on the ground that it was issued and levied before the affidavit was made. Nevertheless, upon the issue of whether the attachment was sued out without probable cause appellant had the right to show the falsity of the grounds stated in this affidavit and that there was no probable cause to believe them true. In connection with this he had a right to introduce the affidavit as showing the grounds upon which appellee was seeking the benefit of the attachment, and it was error to exclude the affidavit. The twelfth assignment of error presenting the question is sustained.

The giving of the special charge numbered 14, referred to in the twenty-second assignment, wherein the jury was instructed not to consider the declarations of Browning as to the extent of the authority given him by Kemp, was error. This was not a case of proof of agency by the declarations of the agent to a third person, but the testimony of the agent himself as to the extent of his agency, and was admissible and entitled to consideration for that purpose. Browning testified positively that he was appellee's agent and authorized to make the affidavit in the protection of his interest, and this statement does not seem to have been induced by what Shelton told him as to his authority.

In view of the evidence, which tended to show that there was no bond upon which the attachment was predicated except that among the papers to which the name of appellee appears to have been signed by his wife, and that appellee ratified her acts by adopting the attachment and seeking to have the same foreclosed, it was error to give the special charge that Mrs. Kemp was not the agent of Kemp unless she was expressly authorized. We do not see how this could have prejudiced appellant. It would have rather tended to the conclusion that there was no valid bond given for the attachment.

As we view the case, the judgment of the Justice Court quashing the attachment on the ground that no affidavit nor bond was made before its issuance or levy, was conclusive of that fact. Appellee accepted that judgment and should not be heard now to question the facts upon which it was based. The court, however, submitted these issues to the jury and no objection is made by appellant to the charge on this ground.

The court erred in that portion of its charge to the jury wherein they were instructed that the measure of damages was the difference between the reasonable cash market value of the goods at the time of the levy, and the reasonable market cash value at the time the attachment was quashed, and six percent on said sum. The jury must have understood that in estimating the damages, if any, the six percent was to be computed upon the difference in value, and not upon the value, the true measure being legal interest upon the value of the goods during the time they were detained by the officer under the illegal process. (Davidson v. Oberthier, 93 S. W., 478; Willis v. Whitsitt, 67 Texas, 673.) Appellant requested an instruction upon this point which properly presented the law, but which was refused. It can not be said that it must be concluded that the jury found against the appellant upon the issue of the wrongful or unlawful

issuance of the attachment and hence the error was harmless. The jury may have found that the attachment was wrongful, but that there was no deterioration in value of the goods, and hence no amount upon which interest was to be computed under the charge. If properly instructed on this point they might have found for appellant and allowed him interest at the legal rate on the value of the goods while detained, which, although an insignificant amount in itself, would have entitled appellant to recover also the costs. The thirteenth and fourteenth assignments of error on which this question is presented must be sustained. This also sufficiently disposes of the eighteenth assignment of error.

Depreciation or deterioration in value of the goods was an element of actual damages, but not of exemplary damages, as stated in the court's charge. It is so apparent, however, that the jury found against appellant on the issue of exemplary damages that this error would not be ground for reversal.

It was error to give the charge requested by appellee wherein the jury was instructed that they might take into consideration, on the issue of appellant's right to recover exemplary damages, the statements made by Shelton, the act of appellant in attempting to sell his stock to O'Connell and others, and also his acts in delivering to the Houston Drug Company certain drugs in payment of his account and in offering to turn over to his drug-store creditors his stock of drugs in settlement of his accounts. In this requested charge appellee collated about all of his evidence interposed as a defense to the claim for exemplary damages, and endeavored to direct the attention of the jury thereto in a most emphatic manner. This could not but have had the effect of impressing the jury with the court's view of the importance and weight of this testimony, and was calculated to be very prejudicial to appellant. (Dupree v. Texas & P. Ry. Co., 96 S. W., 647.)

The jury should not have been instructed, as was done in special charge given at the request of appellee, as to the effect upon the liability of appellee for exemplary damages of his having acted upon the advice of counsel, without coupling with the same the condition that he had in good faith made a full and free disclosure of all the facts within his knowledge. If appellee had disclosed to his attorneys that his information came from Shelton alone, and also the reputation of his informant, as testified by himself, it can hardly be supposed that he would have been advised to act upon this alone.

We are inclined to think that the errors indicated entitle appellant to a new trial, and that the judgment should be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*