## AUTREY et al. v. LINN et al.

(Court of Civil Appeals of Texas. San Antonio. May 3, 1911. Rehearing Denied June 7, 1911.)

1. APPEAL AND ERROR (§ 1039*) — HARMLESS ERROR—ERRONEOUS RULINGS ON PLEADINGS.

Error in overruling pleas of misjoinder to a petition stating a cause of action for money due under a written contract and other grounds for recovery is harmless, where the court limits a recovery to the written contract.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4075–4088; Dec. Dig. § 1039.*]

2. LANDLORD AND TENANT (§ 230*)—ACTION FOR RENT—PETITION—SUFFICIENCY.

A petition in an action for money due on a lease, which alleges that plaintiff owned land, that defendant acting for himself and codefendants, his silent partners, entered into a lease with plaintiff whereby defendant and codefendants became bound to pay plaintiff a specified sum, that plaintiff complied with his part of the contract, and that defendant and codefendants refused to comply with their part, is sufficient to admit evidence to sustain its allegations and to justify a recovery for the rent money due.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 230.*]

3. APPEAL AND ERROR (§ 742*) — QUESTIONS REVIEWABLE — ASSIGNMENTS OF ERROR — STATEMENT—REQUISITES.

The criticised part of a pleading must be copied into the statement following the assignment of error complaining of the insufficiency of the pleading, and a reference to the record is not sufficient.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; 'Dec. Dig. § 742.*]

4. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—RULINGS ON EVIDENCE—STATEMENT—BILL OF EXCEPTIONS.

A statement under an assignment of error complaining of rulings on evidence must show that a bill of exceptions was taken to the evidence objected to, or the assignment will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

5. EVIDENCE (§ 217*)—ADMISSIONS.

In an action on a lease alleged to have been executed by an agent of the lessee, testimony of the lessor that he told the lessee in the presence of the agent that he had made a lease with the agent, and that the lessee replied that the agent did serviceable work for him, was admissible to show the agency in making the lease.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 760; Dec. Dig. § 217.*]

6. PRINCIPAL AND AGENT (§ 21*)—EXISTENCE OF RELATION—EVIDENCE—ADMISSIBILITY.

An agent is competent to testify to the agency and its extent, though his declarations are inadmissible to prove agency.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 39; Dec. Dig. § 21.*]

7. EVIDENCE (§ 241*) — DECLARATIONS OF AGENTS—ADMISSIBILITY AS' AGAINST PRINCIPAL.

Where agency is established, evidence of the acts and declarations of the agent in connection with the subject-matter of the agency are admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 887–892; Dec. Dig. § 241.*]

8. APPEAL AND ERROR (§ 232*)—QUESTIONS REVIEWABLE — QUESTIONS NOT RAISED IN TRIAL COURT. -

Where parol evidence had no tendency to vary the terms of a written contract, and it was objected to on the ground that it was irrelevant and immaterial, and inadmissible to bind the parties, an assignment of error complaining of the admission of the evidence, because modifying the written contract, must be overruled.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1351, 1368, 1430, 1431; Dec. Dig. § 232;* Trial, Cent. Dig. §§ 211–222, 691–693.]

9. APPEAL AND ERROR (§ 204*) — QUESTIONS REVIEWABLE — QUESTIONS NOT RAISED IN TRIAL COURT.

An objection to evidence not urged in the trial court will not be considered on appeal under an assignment complaining of the admission of the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1258–1280; Dec. Dig. § 204.*]

10. LANDLORD AND TENANT (§ 222*) — OBLIGATION OF TENANT.

A tenant assuming the burden of taking up a vendor's lien note, may not refuse to perform his lease because of the failure of the landlord to take up such note.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 222.*]

11. TRIAL (§ 250*)—INSTRUCTIONS—ASSUMPTION OF FACTS.

A requested charge, injecting a false issue, not sustained by the law or evidence is properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 584–586; Dec. Dig. § 250.*]

12. TRIAL (§ 260*)—INSTRUCTIONS—REFUSAL TO GIVE INSTRUCTIONS COVERED BY THE CHARGE GIVEN.

Where the issues were properly presented by the general charge, the refusal to give a requested charge was not erroneous.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

13. PARTNERSHIP (§ 169*) — LIABILITY OF PARTNER—ACTS OF AGENTS.

Partners are bound by the acts of their agent acting within the scope of the agency as well as by the acts of·each partner acting within the scope of the firm.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 303½ ; Dec. Dig. § 169.*]

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

Appeal from District Court, Matagorda County; Wells Thompson, Judge.

Action by John E. Linn and another against R. L. Autrey and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

Gaines & Corbett and Baker, Botts, Parker & Garwood, for appellants. Linn, Conger & Austin, for appellees.

FLY, J. This suit, although for $2,000 lease money as well as $27,800 damages, resolved itself into a contest over the amount of money due on a lease of certain land, which it was alleged was due appellees, John E. Linn and W. E. Austin, by R. L. Autrey, F. Kalb, H. Hamilton, and H. Prince, the appellants herein. There was a plea of misjoinder of parties and of privilege, general and special demurrers, and general denial and special answers. The First National Bank of Bay City was also made a party, which was, however, dismissed from the suit on the ground of misjoinder. The trial was had with a jury, and resulted in a verdict and judgment for appellees for $2,000, with interest at 6 per cent. from date of the judgment. The evidence showed that appellants bound themselves to pay appellees $2,000 for the lease of certain land, thought to be oil land, and then breached the contract, without fault on the part of appellees.

[1] The first nine assignments of error are devoted to exceptions to the petition, all of which were overruled by the court, and all of those applying to misjoinder become mere abstractions in view of the action of the court in presenting but one issue to the jury, that of the liability of appellants for the $2,000 lease money. The petition stated a cause of action for that sum, and was not subject to general demurrer, and the issue as to the other damages arising from a breach of the contract having been eliminated from the case by the charge, it would be a useless and prodigal waste of time to discuss the question of the misjoinder of the causes of action. If the court overruled the pleas of misjoinder it gave appellants all they could possibly have been entitled to by ignoring in the charge every issue but the one of the money due under the written contract.

[2] The petition stated that appellees owned a tract of land; that on June 30, 1908, Autrey, acting for himself and his silent partners, F. Kalb, H. Hamilton and H. Prince, entered into a lease contract with appellees whereby he bound appellants to pay appellees the sum of $2,000; that appellees had fully complied with their part of the contract and that appellants refused to comply with their part. These allegations were sufficient to admit evidence that would sustain them. The terms of the contract were full enough to sustain a judgment for specific performance.

[3] The second, third, fifth, sixth, seventh, ninth, and tenth assignments of error are not followed by such statements as are required by the rules. The criticised parts of the petition should have been copied into the statement, instead of a reference to the record. However, we do not think the court erred in overruling the exceptions, and this is especially true in view of the action of the court in eliminating all issues except that as to the $2,000.

The eleventh assignment of error is not followed by a statement. Reference to the transcript is not a compliance with the rule and the assignment will be overruled.

[4] The twelfth and thirteenth assignments of error should not be considered. The statements thereunder fail to show that a bill of exceptions was taken to the evidence objected to, if any objection was urged to the admission of the testimony in the court below. No reference even is made under the assignments of error to the record for bills of exceptions, perhaps for the good reason that none were reserved in the trial court.

[5] The court did not err, as claimed in the fourteenth assignment of error, in permitting Linn to testify that he told Autrey in the presence of Nevill that he had made a lease contract with the latter, and that Autrey said that Nevill was a good man and did serviceable work for them. The evidence tended to show the agency of Nevill in making the lease contract for Autrey and his associates, and was clearly admissible, as was the testimony of Nevill that he was acting for appellants in making the lease contract. Appellants cite the case of Insurance Co. v. Hanna, 81 Tex. 487, 17 S. W. 35, as sustaining their objections to the testimony, but it does not condemn the action of the court in this case. In that case it was held that agency usually cannot be established by the declarations of the agent alone, and no such attempt was made in the case at bar, although in the Hanna Case the declarations were not held inadmissible and incompetent to prove agency, when taken with other testimony. In this case the testimony of Nevill was supported by the acts and declarations of Autrey and Hamilton.

[6, 7] The direct evidence of Nevill in the trial of the cause is not a declaration of agency on the part of the agent condemned by the general rule. Those are declarations made in connection with the acts claimed to be those of an agent. The evidence of an agent in court as to his agency does not come within the rule that agency cannot be proved by the declarations of the agent. It is the well-established rule that while the declarations and admissions of the agent are inadmissible to prove agency, yet the agent himself is competent to testify as to the alleged agency and its extent. Cunningham v. Mathews (Tex. Civ. App.) 57 S. W. 1114; Telegraph Co. v. Kersh, 27 Tex. Civ. App. 127, 66 S. W. 74; Clark & Skyles, Law of Agency, pp. 168, 169, and authorities cited

in note. The argument is that the court should not have permitted Linn to testify as to the statements made by Nevill while the assignment is as to the testimony of Nevill himself, but having proved the agency of Nevill, evidence as to his acts and declarations in connection with the subject were admissible.

[8] The sixteenth assignment presents the proposition that evidence "as to the transactions, discussions, or agreements between the said F. I. Nevill and the plaintiffs prior to the making of the contract of lease" was inadmissible to qualify, modify, or extend such contract. The evidence objected to had no such tendency, and it was not objected to on that ground, but the only objections urged were that it was not admissible, the suit being based on a written instrument, and that it was "irrelevant and immaterial and inadmissible to bind the parties." The assignment is overruled. There was no attempt to vary the terms of the written contract. This also disposes of the seventeenth assignment of error.

It was shown that Nevill was the agent of appellants and fully authorized to make the agreement he did with Gainor in regard to a vendor's lien note given by Hurlbut. Knowledge that Nevill had agreed to take up the note was brought directly home to Autrey, and he agreed to settle according to the agreement made by Nevill. Hamilton also knew of the agreement and ratified it. The pleadings justified the evidence.

[9] The statement under the nineteenth assignment fails to set out the bill of exceptions on which the assignment of error is based, and it will not be considered. No such objections were urged to the evidence as are set out in the twentieth assignment of error, and it is overruled.

The twenty-first assignment of error is not followed by any statement and the twenty-second assignment does not refer to any bill of exceptions on which the objection to the testimony is based, and it will not be considered.

[10] The court properly refused special charge No. 1 presented by appellants. Appellees had fully complied with every detail of their contract, and they were under no obligation to take up the vendor's lien note. Appellants had assumed that burden, and could not advance a failure to take up the note as a justification of their conduct in refusing to fulfill their contract. Nevill's testimony disclosed the true reason for the breach of the contract, and it was that the oil field was rapidly being converted into a salt water field.

[11, 12] The issues in the case were properly presented by the charge of the court, and the court properly refused to give instruction No. 2 asked by appellants. That instruction sought to inject a false issue into the case not sustained by the law or evidence. It was clearly an invasion of the facts, and was properly refused on that ground. The issues in the case having been presented by the general charge the court did not err in refusing the charge, the refusal of which is complained of in the twenty-fifth assignment of error.

[13] The court instructed the jury as to the issues in the case and properly refused to make an issue of the matter of the assumption of the payment of the vendor's lien note by appellants. All the testimony tended to show that fact. The court properly refused to allow issues presented to the jury not made by the facts. This disposes of all the special charges requested by appellants, as well as of the objections to the general charge. Appellants were shown to be partners, and they were bound by the acts of their agent, acting within the scope of the agency, and by the acts of each partner, acting within the scope of the partnership. The evidence clearly met those conditions.

None of the assignments is well founded, and the judgment is affirmed.