ALAMO LIVE STOCK COMMISSION CO. et al. v. HEIMER. (No. 5778.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 14, 1917. Rehearing Denied March 7, 1917.)

1. PRINCIPAL AND AGENT ⬳21, 121—EVIDENCE—TESTIMONY OF AGENT.

Testimony of an agent is competent to prove a parol agency, and to establish the nature and scope of the agent's authority.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 39, 413–415.]

2. PRINCIPAL AND AGENT ⬳22(1), 122(1) — EVIDENCE—DECLARATIONS OF AGENT.

Declarations of an agent are not competent to prove his authority or the existence of the agency.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 40, 416, 418.]

3. APPEAL AND ERROR ⬳994(2) — REVIEW — CREDIBILITY OF TESTIMONY — PROVINCE OF JURY.

Credibility of testimony of defendant's alleged agent as to existence of agency and authority of witness, held question for jury, not for appellate court to determine.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3902, 3903.]

4. FACTORS ⬳41—OWNERSHIP—PROPERTY — LIABILITY OF FACTOR.

As a general rule, a factor commission merchant or broker receiving property from his principal and selling the same under the latter's instruction, and paying him the proceeds of the sale, is guilty of conversion if his principal has no title to the property and no right to sell, and is liable in trover to the real owner for its

value; his good. faith, want of knowledge, or notice of owner's title being no defense.

[Ed. Note.—For other cases, see Factors, Cent. Dig. § 44.]

5. FACTORS ☞41 — TRANSFER OF TITLE — RIGHTS OF SELLER.

Plaintiff sold cattle to one representing himself to be defendant's agent, and received a check drawn on defendant, and cattle were delivered to defendant, a commission merchant, who sold them and applied proceeds to the payment of the indebtedness of cattle buyer. Held, that regardless of agency relationship of defendant and buyer, defendant was liable to the seller as a factor or commission merchant for the proceeds of the cattle.

[Ed. Note.—For other cases, see Factors, Cent. Dig. § 44.]

Appeal from Bexar County Court for Civil Cases; John H. Clark, Judge.

Action by W. Heimer against the Alamo Live Stock Commission Company and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Davies & Davies, of San Antonio, for appellants. C. J. Carter and Ernest Fellbaum, both of San Antonio, for appellee.

SWEARINGEN, J. This is a suit from the county court, by W. Heimer against T. A. Eldridge, doing business under the name of Alamo Live Stock Commission Company, to recover $242.50 for cattle purchased from appellee by appellant, through his agent. It is alleged the cattle were delivered to appellant, sold by him, and the proceeds partly used to liquidate a prior existing debt due appellant by his agent, but no payment of any amount to appellee.

Appellant's answer contained a general demurrer, denial, and specially pleaded that he had no agent, but did a regular commission business; that he had no interest in the cattle, merely received them from Graham, the apparent owner, sold them in accordance with instructions of Graham, and applied a part of the proceeds to reimburse appellant moneys advanced as overdrafts to Graham; alleged that appellee sold the cattle to Graham in consideration of a worthless check; that appellant had no interest in the cattle other than that of a commission merchant.

The jury found in answer to special issues that Graham was the agent of appellant in the transaction, that appellant at the time said cattle were delivered to him on April 6, 1914, had reason to believe that said cattle had not been paid for by Graham, the agent, and that Graham would give the seller of the cattle a draft upon appellant. The jury found the reasonable value of the cattle to be $242.50. The jury further found that appellant sold the cattle and appropriated the larger portion of the proceeds to reimburse himself moneys claimed to be due him by the agent, Graham, the balance of the proceeds from the sale of the cattle was paid to Graham; nothing was ever paid appellee, the owner of the cattle.

The evidence shows that the cattle were delivered to appellant in San Antonio, where all parties lived. Graham, the agent, gave a check for the purchase of appellee's cattle for the amount agreed upon. The check was drawn on appellant, payable to appellee, and signed by Graham. When the check was presented for payment appellant refused payment, though he had already sold appellee's cattle and had received the proceeds. Judgment was rendered upon the findings of the jury in favor of appellee for $242.50.

[1, 2] Appellant presents four assignments. The first two assignments contend that the court's refusal to instruct a verdict for appellant was error. The third assignment contends that the judgment is contrary to the evidence. The theory of law relied upon by appellant in support of the above three assignments is that the fact of agency cannot be proven by the agent himself, who testifies to the fact as a witness on the trial of the cause. To support such a proposition, counsel for appellant cite us to those decisions which hold that the declarations of an agent are not admissible in evidence to prove agency. Appellant's theory of the law is wrong, though the decisions cited are right. The law on the subject is clearly stated in Mechem on Agency, as follows:

"If it be deemed essential to prove the authority by the agent himself, he must be called as a witness; his testimony both as to the fact, and as to the nature and extent, of his authority, where it rests in parol, being as competent as that of any other witness. The rule upon this subject has been stated by a learned judge as follows: 'It is competent to prove a parol agency and its nature and scope by the testimony of the person who claims to be the agent. It is competent to prove a parol authority of any person to act for another, and generally, to prove any parol authority of any kind by the testimony of the person who claims to possess such authority. But it is not competent to prove the supposed authority of an agent for the purpose of binding his principal by proving what the supposed agent has said at some previous time. Nor is it competent to prove a supposed authority of any kind, as against the person from whom such authority is claimed to have been received, by proving the previous statements of the person who, it is claimed, has attained such authority.'" 1 Mechem on Agency (2d Ed.) § 291; American Telephone Company v. Kersh, 27 Tex. Civ. App. 127, 66 S. W. 74; Rainey v. Kemp, 54 Tex. Civ. App. 486, 118 S. W. 630; Bybee v. Embree-McLean Co., 135 S. W. 203; Autrey v. Linn, 138 S. W. 197; Cannel Coal Co. v. Luna, 144 S. W. 721; 2 Modern Law of Evidence, Chamberlayne, § 1338, note 3.

The distinction between the admissibility of declarations of the agent and the admissibility of his testimony on the trial, in which the fact of agency is the issue, is even more clearly stated in 2 Corpus Juris, 933, § 689, notes 10–16.

[3] The agent, Graham, testified on the trial concerning the issue of agency as follows:

"When I bought said cattle from the plaintiff [appellee] I was acting as agent for the Alamo Live Stock Commission Company [appellant]. I was not acting for myself. My arrangement with the company was to buy hogs

and cattle for the company and give a draft on said company for the amount of the purchase price. A draft book was given me by Mr. Eldridge for this purpose. Said company was to pay for the cattle and hogs, and then to resell them."

This was admissible testimony, and it was the jury's province to determine the credibility of the witness and the weight to be given his testimony, and its verdict thereon is binding upon this court.

[4] The assignments could not be sustained for another and altogether distinct reason. The pleadings of all parties and the evidence present the question discussed and decided against appellant's contention in the case of C. M. Keys Commission Co. v. Beatty, 42 Okl. 721, 142 Pac. 1102. See many cases cited therein. Evans-Synder Buell Co. v. First National Bank of Amarillo, 15 Tex. Civ. App. 163, 39 S. W. 213; Kemper Grain Co. v. Harbour, 89 Kan. 824, 133 Pac. 565, 47 L. R. A. (N. S.) 173 (see note).

[5] The correct rule is most succinctly and lucidly expressed in 11 Ruling Case Law, p. 780, § 34, as follows:

"The general rule, however, according to the weight of authority, is to the effect that a factor, commission merchant or broker, receiving property from his principal, and selling the same under the latter's instruction and paying him the proceeds of the sale, is thereby guilty of unlawfully converting the property if his principal has no title thereto, and no right to sell the same, and is liable in trover to the true owner of the property for its value; and his good faith, want of knowledge or notice of an outstanding title in a third person, or belief in his principal's title, is no defense to the action."

The assignments are overruled.

The fourth assignment must also be overruled, because the jury found that the cattle were purchased by the agent for his principal, and were received and sold by the principal, and no part of the contract price was ever paid to the owner, the appellee.

The judgment is affirmed.