## VINCENT v. BELL. (No. 837.)

Court of Civil Appeals of Texas. Waco. Oct. 31, 1929.

Rehearing Denied Dec. 12, 1929.

754

Nat Harris, of Waco, for appellant.

R. W. Cowan, Sam Dardnne, and Bryan & Maxwell, all of Waco, for appellee.

STANFORD, J. This suit was by appellant, the owner of a certain farm, against appellee as his tenant, to recover as rents one-third the corn, one-half the cane hay, and one-fourth the cotton raised on said farm by said tenant during the year 1928, and also 75 cents per head per month for pasturage of all stock in excess of work stock and milk cows; it being alleged that appellant's rents were 300 bushels of corn, worth 75 cents per bushel, 500 bales of hay, worth 50 cents per bale, and that the pasturage amounted to $135, making a total of $610, for which recovery was sought. At the institution of said suit, appellant sued out an attachment and had same levied upon 30 steers, 26 milk cows, and 4 yearlings, as the property of appellee. In addition to a general demurrer, special exceptions, and general denial, appellee filed a cross-bill and sought recovery against appellant for damages for the wrongful suing out of said attachment and the levy of same upon 30 steers of the value of $55 each, 26 milk cows of the value of $100 each, and 4 yearlings of the value of $45 each, at the time said levy was made, and alleged further at the time said cross-bill was filed the 30 steers were of the reasonable value of $45 each, the 26 milk cows were of the reasonable value of $55 each, and the yearlings of the value of $35 each, and that by reason of said unlawful levy appellee had been damaged in the sum of $1,250; that in addition, appellee suffered a loss of $55 per week from the sale of butter; and prayed for exemplary damages in the sum of $5,500.

The case was submitted to a jury on special issues. The jury answered all issues submitting appellant's cause of action for the recovery of rents against appellant, but answered special issues submitting appellee's cross-action for the recovery of actual damages in favor of appellee, and judgment was entered by the court for appellee on his cross-action for $420, but denying appellant any recovery; from which judgment appellant has duly appealed.

Under his first and second propositions appellant contends, in effect, that it was reversible error for the trial court, after

the case had been submitted to the jury, to withdraw from the jury, upon appellee's request, the issues presenting appellee's right to recover exemplary damages. The record shows that appellee, defendant in the trial court, filed a cross-bill seeking to recover of appellant, plaintiff in the trial court, damages, both actual and exemplary, for wrongfully suing out an attachment, and in addition to issues submitting appellee's right to recover actual damages, the court, by issues 19 to 22, inclusive, submitted appellee's claimed right to recover exemplary damages. After the jury had been deliberating on the case for some time, without reaching a verdict, appellee filed a motion requesting the trial court to withdraw from consideration of the jury special issues 19, 20, 21, and 22, same being all the issues submitting appellee's claimed right to recover exemplary damages, and in said motion stated: "That he has abandoned any cause of action that he may have had against the plaintiff for exemplary damages in so far as the present trial is concerned without waiving the right to exemplary damages in the event that the said suit shall be retried for any cause." Over appellant's objection and exception, the court sustained said motion and withdrew said issues from consideration of the jury. Article 2182, Revised Statutes, expressly provides that "at any time before the jury has retired, the plaintiff may take a non suit." However, we do not think it was the intention of the Legislature, in enacting the above statute, to preclude such party absolutely from taking a nonsuit under all circumstances after the jury have retired. Under this statute plaintiff is entitled, as a matter of right, to dismiss his suit at any time before the retirement of the jury. After the jury has retired, and before a decision has been reached, we think, the matter of a dismissal by plaintiff is addressed to the sound discretion of the trial court, subject to review on appeal. In such cross-action appellee occupied the position of plaintiff, seeking in separate counts recovery against appellant of both actual and exemplary damages by reason of appellant wrongfully suing out and having levied an attachment. Appellee's cause of action for actual and exemplary damages was severable, and being so, we think the court did not err in permitting him to dismiss as to his claim for exemplary damages. Appellant's claim for rents was in no way affected or prejudiced by a dismissal by appellee of his claim for exemplary damages. Such dismissal in no way affected the affirmative pleadings of appellant to recover his claimed rents. Article 2182, Revised Statutes; Clement v. Producers' Ref. Co. (Tex. Civ. App.) 270 S. W. 206 (writ was granted in above case, but not on question here involved, see [Com. App.] 277 S. W. 634); H. & T. C. Ry. Co. v. McDade et al. (Tex. Civ. App.) 295 S. W. 318 (writ refused); Carpenter v. Dressler, 76 Ark. 400, 89 S. W. 89; Wilhelm v. Bains, 147 Ky. 832, 145 S. W. 1125; Taylor v. Ketchum, 28 N. Y. Super Ct. 507, 35 How. Prac. 289; Missouri Pac. R. Co. v. Moffatt, 60 Kan. 113, 55 P. 837, 72 Am. St. Rep. 343. It is the policy of our appellate courts to give a liberal construction to a litigant's right to take a nonsuit under article 2182, Revised Statutes. Weil v. Abeel (Tex. Civ. App.) 206 S. W. 735; 18 C. J. 1155; Kelly v. Bank (Tex. Civ. App.) 233 S. W. 782 (writ dismissed). The record fails to disclose any possible injury appellant could have sustained by reason of the action of the court of which complaint is made. The above propositions are overruled.

Appellant's third proposition is: "Argument of counsel to the jury which seeks to contrast the financial condition of the parties is calculated to prejudice the jury, and constitutes reversible error." The record shows that one of appellee's counsel, in his opening argument stated: "Plaintiff would oppress and punish a poor innocent tenant farmer." And in the same argument the same counsel referred to appellee as "a defenseless individual." Also another one of appellee's counsel, while making the closing argument, used the following language: "The most outrageous, atrocious action that has ever been perpetrated on a poor man. That is what I think about it." The argument of which complaint is made does not undertake to contrast the financial condition of the parties to this suit. Reference is made to appellee as a poor man, and an innocent tenant farmer, but nothing was said to indicate that appellant was wealthy or in any better condition financially than appellee. It is also true, where bills of exception to alleged improper argument merely set out the argument, as is true here, without negativing the idea that such argument, or a part thereof, may have been called for in response to some statement by opposing counsel, no error is shown. This rule applies at least to the closing argument, of which complaint is made. Oilbelt Motor Co. v. Hinton (Tex. Civ. App.) 11 S.W.(2d) 338; T. P. Coal & Oil Co. v. Grabner (Tex. Civ. App.) 10 S.W.(2d) 441. However, if this argument had been improper, as there is no contention that the evidence is not sufficient to support the findings of the jury in favor of appellee and for the amount of damages awarded, it is reasonably apparent appellant suffered no injury by reason thereof. Furthermore, as to whether or not appellant sustained injury by reason of said improper argument, if it was improper, was a question addressed primarily to the discretion of the trial court, and unless that discretion is shown to have been abused, an appellate court will not reverse. Brazelton v. St. Louis, etc., Ry. Co. (Tex. Com. App.) 296 S. W. 290; Travelers' Ins. Co. v. Peters (Tex. Civ. App.) 3 S.W.(2d) 568; Emberlin v. Wichita, etc., Ry. Co. (Tex. Com. App.) 284 S.

W. 539; Floyd v. Fidelity Union Cas. Co. (Tex. Civ. App.) 13 S.W.(2d) 911; Smith v. Irwin et al. (Tex. Civ. App.) 7 S.W.(2d) 926. The above proposition is overruled.

Appellant contends further that the measure of damages for wrongfully issuing and levying an attachment upon stock is the market value of said stock with legal interest thereon, and that for the court to submit the value of the cattle at the time of the levy and at the time of the trial, and take this difference as the damages sustained, is erroneous. The measure of damages asserted by appellant is correct as applied to cases where property wrongfully attached has been lost, destroyed, converted, or for any reason cannot be returned to the defendant in attachment. Willis v. McNatt, 75 Tex. 69, 12 S. W. 478; Cleveland v. Tufts, 69 Tex. 580, 7 S. W. 72; Willis v. Lowry, 66 Tex. 540, 2 S. W. 449. But in this case appellee sought to have the attachment lien vacated, on the ground same was wrongfully sued out and levied upon his cattle, and to recover the cattle. This was the theory on which the case was tried, and this being true, the measure of damages alleged by appellee, to wit, the diminution in the market value of said cattle while held by the sheriff under said writ of attachment, was, we think, a proper measure of damages, as applied to this case. There is no contention the decrease in value was not the result of their being attached. At least, we think, appellant has no grounds for complaint. When a writ of attachment is wrongfully sued out and levied upon personal property, the officer taking possession of same, and it is not replevied by defendant, he is entitled to recover the actual damages sustained, resulting from such levy. The measure of damages alleged by appellee was the difference between the market value of said cattle at the time of the levy and at the time of the trial, and by special issues this measure of damages was submitted, without any exceptions or objections by appellant to the measure of damages pleaded or the special issues submitting same to the jury. Jones v. Hamlin Bank (Tex. Civ. App.) 140 S. W. 116; Rainey v. Kemp, 54 Tex. Civ. App. 486, 118 S. W. 630. We think further, appellant, having made no objection to the issues submitting the measure of damages as above stated, and made no objection to the judgment being entered thereon, thereby waived the objection here made. Article 2185, Revised Statutes.

Appellant contends further that the judgment of the court in this case did not follow the findings of the jury on the special issues submitted, for which reason the judgment should be reversed. The record shows the following issues were submitted and answered as follows:

"No. 13. What was the reasonable market value of the 30 head of steers that were levied upon by the writ of attachment on November 28, 1928?" To which the jury answered: "$55.00."

"No. 14. What is the reasonable market value of the 30 head of steers at this time?" To which the jury answered: "$50.00."

"No. 15. What was the reasonable market value of the 26 head of milk cows levied upon by said writ of attachment on November 28, 1928?" To which the jury answered: "$70.00."

"No. 16. What is the reasonable market value of said 26 head of milk cows at this time?" To which the jury answered: "$60.00."

"No. 17. What was the reasonable market value of the four yearlings levied upon by said writ of attachment on November 28, 1928?" Answer: "$35.00."

"No. 18. What is the reasonable market value of said yearlings at this time?" Answer: "$32.50."

In the rendition of judgment, the court treated the respective findings of the value of said cattle to be per head, and in so doing rendered judgment for appellee on his cross-bill for $420. Appellant contends the court should have treated the respective findings of the value of said cattle to be the value of the entire lot in each class, which would have resulted in a judgment for appellee of $17.50. There is no doubt but that it is a well-settled general rule in this state that where a case is submitted to a jury on special issues, and findings in response thereto returned, it is the duty of the court to enter judgment in accordance therewith. Article 2209, Revised Statutes. It is equally well settled by the decisions of our appellate courts that where the findings are ambiguous, in order to arrive at the proper interpretation of such findings of the jury the court is authorized to examine not only the charge, but the pleadings and evidence, and if by an examination of the record the intention of the verdict can be ascertained, such verdict so construed constitutes the proper basis for judgment. James v. Wilson, 7 Tex. 230; Rushing et al. v. Lanier et al., 51 Tex. Civ. App. 278, 111 S. W. 1089; Gibson et al. v. Dickson et al. (Tex. Civ. App.) 178 S. W. 45 (writ refused); G. C. & S. F. Ry. Co. v. Baker et al. (Tex. Civ. App.) 218 S. W. 7, 12 (writ dismissed); Pickrell v. Imperial, etc., Co. (Tex. Civ. App.) 231 S. W. 412, 413 (writ dismissed); Adamson Lumber Co. v. King Lumber Co. (Tex. Civ. App.) 227 S. W. 702 (writ dismissed); Crenwelge v. Ponder (Tex. Com. App.) 228 S. W. 145, 146; G. C. & S. F. Ry. Co. v. Saunders (Tex. Civ. App.) 286 S. W. 919; 38 Cyc., pp. 1877 and 1878. Appellant contends, in effect, that the court cannot find facts contrary to the findings of the jury, or facts not found by the jury, and use same as a basis of judgment, or in aid of the jury's findings, and cites, in support thereof, Houston Packing Co. v. Griffith (Tex. Civ. App.

164 S. W. 431; and North v. Atlas Brick Co. (Tex. Com. App.) 13 S.W.(2d) 59. But these authorities, we think, are not applicable to the question here involved. The trial court is not authorized to find an issue of fact, and thereby cure a defect in a finding of a jury, but does have the right, where a jury finding is ambiguous or uncertain, to examine the record to ascertain the intention of the jury's finding. In G. C. & S. F. Ry. Co. v. Baker, supra, the court said: "When we consider the pleadings, the evidence on market value, the charge of the court, the several findings of the jury upon this subject as a whole, and the liberal rules obtaining in construing verdicts of juries, we think there can be no real doubt that the jury's estimate of $300 for the value of the lost cattle had reference to the value of the 10 head which they had previously found escaped through such openings."

In Pickrell et al. v. Imperial Petroleum Co. et al., supra, the Amarillo Court of Civil Appeals said: "A verdict of a jury, we take it, is, like the language of any other instrument, to be construed in the light of the surrounding circumstances * * * and we may look to the record to determine what these circumstances were."

In Crenwelge v. Ponder et al., supra, the Commission of Appeals said: "The verdict of a jury is sufficient if it can be ascertained with reasonable certainty what the jury's intention was. If any uncertainty exists, the verdict is to be benefited by the light reflected upon it by reference to the contents of the record, and, if thus aided, the uncertainty is explained, it will support an appropriate judgment."

In James v. Wilson, supra, our Supreme Court said: "A verdict is sufficiently certain, which finds the issue, and may be rendered certain by reference to the pleadings. * * * It will be sufficient, if it can be ascertained what the intention of the jury is."

■ But appellant contends the verdict is not ambiguous. The ambiguity in the verdict arises by reason of ambiguity in the questions asked. If the court had asked the jury the value of the 30 steers per head, then there would have been no ambiguity. But appellee had alleged in his cross-bill that at the time of the levy the 30 head of steers were worth $55 each, that the 26 head of milk cows were worth $100 each, and that the 4 yearlings were worth $45 each; and that at the time of the trial the 30 steers were worth $45 each, that the 26 milk cows were worth $70 each, and the 4 yearlings were worth $35 each. There is no evidence in the record tending to show the value of the lot or bunch of 30 steers, and the same is true of the 26 milk cows and 4 yearlings; but all the evidence is as to the value of said cattle per head, and the lowest estimate of the value of said steers at the time of trial is about $50 per head, and the cows from $50 to $75 per head, and the yearlings from $30 to $35 each. In the special issues as to the value of the cattle, the court evidently intended the jury to find the value per head of the 30 head of steers, 26 milk cows, and 4 yearlings. The ambiguity in the findings arises out of the question whether or not the jury understood the court's inquiry to be the value of said stock per head. But when we consider the findings in the light of the pleadings and evidence, we think, there can be no doubt but that the jury understood from said questions that the court intended them to find the value of said cattle per head, and this clearly, we think, is what the jury did. To give this interpretation to the findings, they harmonize with the pleadings and evidence; whereas, to give said findings the interpretation contended for by appellant, such findings would be at variance with the pleadings, the evidence, and all reason and common experience. It is inconceivable that any sane jury in McLennan county, in this day and time, could find a bunch of thirty 2½ and 3 year old steers were worth only $50, or a bunch of 26 milk cows were worth only $60. This proposition is overruled.

The judgment is affirmed.