GULF, C. & S. F. RY. CO. v. SAUNDERS et al.  (No. 1407.)

(Court of Civil Appeals of Texas.  Beaumont. June 16, 1926.)

1. Evidence ⚖➡113(10)—Evidence as to probable cost of replacing dwelling house destroyed by fire with same kind of material was proper as circumstance to show value of building.

In determining legal measure of damage for destruction of dwelling house by fire, it was not error to permit witness to testify as to probable cost of replacing building with same kind of material that was in it at time of its destruction, since this was circumstance to show value of building.

2. Negligence ⚖➡140—Instruction held sufficiently to define "proximate cause."

Instruction in action for destruction of building by fire, that "proximate cause" meant that injury was natural and probable consequence of negligent or wrongful act complained of, held sufficient, in absence of evidence of agency intervening between defendant's negligence and destruction of building.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Proximate Cause.]

3. Trial ⚖➡356(1)—Judgment cannot be entered where jury fails to answer material special issues.

When case is submitted to jury upon special issues, it is error to render judgment on verdict where jury has failed to answer one or more of issues, if answer to such issues is necessary to determination of controversy.

4. Trial ⚖➡356(3)—In suit for destruction of building by fire, it was error to render judgment where jury failed to answer material issues as to proportion of damage from defendant's negligence.

In suit for destruction of dwelling house by fire, brought against defendant because its freight train obstructed passage of fire depart-

ment, it was error to render judgment on verdict where jury failed to answer special issues as to proportion of loss caused by defendant's negligence, since answer to such issue was necessary to determination of controversy between parties.

**5. Trial ⊜⟲356(7).**

Where jury failed to answer material issue, trial court should have insisted upon answer to such issue before receiving verdict.

**6. Appeal and error ⊜⟲930(3)—Court cannot be presumed to have found on issue, where such issue was submitted to jury and they failed to answer (Rev. St. 1911, art. 1985).**

Where issue was submitted to jury and they failed to answer, such issue cannot be presumed to have been found by court under Rev. St. 1911, art. 1985, since trial court was not authorized to make finding thereon.

**7. Trial ⊜⟲343—In construing verdict to ascertain jury's meaning, it was not permissible to look to evidence.**

In construing verdict, where there was doubt as to jury's meaning, it was proper to look to record and read verdict in light of record, but it was not permissible to look to evidence in case.

Appeal from District Court, Montgomery County; J. L. Manry, Judge.

Suit by Mrs. Mattie E. Saunders and others against the Gulf, Colorado & Santa Fé Railway Company. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

F. J. & C. T. Duff, of Beaumont, and Foster & Williams, of Conroe, for appellant.

McCall & Crawford, of Conroe, for appellees.

HIGHTOWER, C. J. This suit was filed in the district court of Montgomery county by the appellees other than the Phœnix Insurance Company against appellant to recover damages in consequence of the destruction by fire of a dwelling house in the town of Conroe and the contents of the house, the fire occurring on the 24th of November, 1923. The Phœnix Insurance Company, one of the appellees and one of the plaintiffs below, carried a policy of insurance on the house, insuring it against destruction by fire, in the sum of $2,500, and shortly after the destruction of the house by fire that company paid to the other appellees $2,500, in accordance with the provisions of the policy, and became a party plaintiff in this suit, claiming that it was subrogated to the rights of the other appellees, and prayed to recover against appellant the $2,500 that it had paid to the other appellees.

No question of pleading arises upon this appeal, and for that reason it will not be necessary to state the pleadings at length. The appellees alleged, in substance, that about noon on November 24, 1923, their dwelling house in the town of Conroe caught fire, and that the fire alarm in the town was sounded, and the fire company started to the fire with a view to extinguishing it; that the burning residence of the appellees was situated in the south part of the town of Conroe and on the south side of appellant's railroad track, which runs east and west through the town of Conroe; that the fire company was located in the north portion of the town of Conroe, and in order to reach the burning residence had to cross appellant's track, where the same is crossed by Frazier street in the town of Conroe; that just about the time the fire was discovered, one of appellant's local freight trains started from its depot in the town of Conroe, traveling west at a slow rate of speed, and reached the crossing of Frazier street just about the time the fire truck arrived at that point; that appellant's operatives in charge of the train knew that the house was on fire about the time the freight train started in the direction of Frazier street crossing, and knew and saw that the fire department was approaching that crossing, and knew, or ought to have known and realized, that if the train proceeded over the crossing in advance of the fire truck, thereby blocking the crossing, that the fire department would not be able to reach the burning building in time to save it from destruction, and that the operatives of the freight train were guilty of negligence in proceeding over the crossing of Frazier street, which blocked the same and prevented the fire department from reaching the burning building, and that such negligence was the proximate cause of the destruction of the building and its contents by fire.

Appellant answered by general demurrer and general denial.

The case was tried with a jury upon special issues, and upon the verdict returned judgment was rendered in favor of the plaintiffs in the aggregate amount of $3,967.85, $2,500 of that amount being apportioned to the Phœnix Insurance Company, and the remainder divided between the other appellees.

The trial court, after defining the terms "negligence" and "proximate cause," submitted to the jury the following special issues:

(1) "Did the defendant railway company in the operation of its train at the time and place alleged use ordinary care in covering or blocking its crossing, thereby preventing the fire department and its helpers from getting to the water hydrant on the south side thereof?" To this question the jury answered: "No."

(2) "Was the defendant railway company guilty of negligence in the operation of its said train at the time and place in covering or blocking its said crossing, as alleged, thereby preventing the fire department and its helpers from having access to the water hydrant on south side thereof?" To this question the jury answered: "Yes."

---

⊜⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

(3) "If you have answered question No. 2 in the affirmative, then answer this question: If said railway crossing had not been blocked or covered, as alleged, by defendant's train, and had said fire department and its helpers been permitted to pass over said crossing uninterrupted by said train, and been allowed to connect with the water hydrant, could said fire department have saved plaintiffs' building and contents from destruction by fire, either in whole or in part?" To this question the jury answered: "Yes."

(4) "If you answer the preceding question in part or whole 'Yes,' then state how much and to what extent said building and contents could be saved. Answer, stating the amount, if any." To this question the jury answered: "Yes."

(5) "If you have answered question No. 2 in the affirmative, then you will further answer whether or not such negligence, if any, was the proximate cause of the loss by fire of plaintiffs' residence and contents, as alleged." To this question the jury answered: "Yes."

(6) "If you have answered questions Nos. 2 and 3 in the affirmative, then state what was the value of the plaintiffs' property, i. e. dwelling and contents, at the time of its destruction, if any, and so state in your verdict, inserting amount therein, under this question, No. 6. State amounts separately." To this question the jury answered: House, $3,200; contents $767.85.

In response to question No. 7, the jury answered that the Phœnix Insurance Company had paid to the appellees on the insurance policy $2,500.

[1] Counsel for appellant advance for reversal of the judgment six propositions, under appropriate assignments of error, some of them raising the same legal proposition in different form. The first contention is that the trial court committed error in permitting one of the witnesses for the appellee to testify, in substance, that it would cost approximately $4,000 to replace the dwelling house that was destroyed by the fire in question with the same kind of material. The ground of objection interposed by appellant was that the cost of replacing the building with the same kind of material was not the legal measure of damages, but that the market value of the building at the time of its destruction was the true legal measure. We overrule this contention, because in arriving at the value of the building at the time of its destruction, we think it was permissible for the witness, who showed himself acquainted with the character of the building, to testify as to the probable cost of replacing the building with the same kind of material that was in it at the time of its destruction. This would be a circumstance to show the value of the building. Counsel cite no authorities in support of this contention.

[2] Appellant next contends that the court's definition of "proximate cause" was not correct, and before the charge was given to the jury appellant objected to this definition. Proximate cause was defined as follows:

"By the expression 'proximate cause' is meant that the injury was a natural and probable consequence of the negligent or wrongful act complained of, and that it ought to have been foreseen in the light of the attending circumstances."

Counsel for appellant contend that the court, in defining "proximate cause," should have gone further and instructed the jury that before they could find that the claimed negligence on the part of appellant was the proximate cause of the house and its contents being destroyed, they must believe from the evidence that there was no independent agency intervening which occasioned the loss. In some supposable instances the court would be required to embrace within the definition of "proximate cause" the element of new independent intervening agency, as suggested by counsel for appellant here, but in this case there was nothing to call for any further definition of proximate cause than was given by the court. In other words, there was nothing to suggest that there was any new independent intervening agency between appellant's claimed negligence and the destruction of the house by fire. We therefore hold that the definition of proximate cause as given by the court was sufficient for the purposes of this case.

[3] The third, fourth and fifth propositions advanced by appellants relate to the same legal point, and are grouped and presented together in the brief. It is contended by counsel for appellant under these propositions that, the jury not having found in response to the issue submitted to them what proportion of the damage and loss to the plaintiffs was caused by appellant's negligence, the court erred in rendering judgment against defendant for the total value of the property destroyed, as found by the jury. We think that this contention must be sustained. As we have shown, special issue No. 3 was:

"If you have answered question No. 2 in the affirmative, then answer this question: If said railroad crossing had not been blocked or covered, as alleged, by defendant's train, and had said fire department and its helpers been permitted to pass over said crossing uninterrupted by said train, and been allowed to connect with the water hydrant, could said fire department have saved plaintiffs' building and contents from destruction by fire, either in whole or in part? Answer yes or no."

As we have shown, the jury answered this question "Yes." From this answer it is not possible to ascertain the jury's meaning. It cannot be said that the jury meant that the building and contents could have been saved as a whole, nor can it be said that the jury meant that the house and contents could have been saved only in part but for appellant's negligence. Then question No. 4, as we have shown, was:

"If you answer the preceding question in part or whole 'Yes,' then state how much and to

what extent said building and contents could be saved. Answer, stating the amount, if any. Answer yes or no."

This is a most inaccurately framed question, and the jury's answer to it is not surprising. The issue intended to be submitted was a proper issue, because it is elementary that appellant would be liable to appellees for the damage sustained by them to their dwelling and its contents only to the extent of such damage as was caused by its negligence. That is what the court had in mind in submitting the issue, but the jury did not answer this material question. They simply answered "Yes," in response to this question, which means nothing, and it is not aided by the answer to any other issue submitted. When the verdict was returned, appellees made a motion for judgment upon it, and this was opposed by counsel for appellant on the ground that the verdict of the jury was unintelligible and uncertain, and because of the failure of the jury to answer the material issue embraced in question No. 4. Appellant's motion in this connection was overruled and judgment entered, as we have shown, in favor of appellees. The court should have sustained both objections interposed by counsel for appellant to the motion therefor made by appellees. When a case is submitted to a jury upon special issues, it is error to render judgment on the verdict where the jury has failed to answer one or more of the issues, if an answer to such issue or issues is necessary to a determination of the controversy between the parties. Bargna v. Bargna (Tex. Civ. App.) 127 S. W. 1157; Garlitz v. Runnels County National Bank (Tex. Civ. App.) 152 S. W. 1151; Daniels v. Franklin (Tex. Civ. App.) 233 S. W. 380.

[4-6] The jury in this case, by special issue No. 4, was instructed, in effect, to find and state what proportion of the loss and damages sustained by the appellees, other than the insurance company, was caused by appellant's claimed negligence. As we have stated, this was a proper issue by the pleadings and the evidence as we find it is this record, and the court should have insisted upon an answer to this issue by the jury before receiving the verdict. Duckworth v. Collie (Tex. Civ. App.) 235 S. W. 924. It will not do to say that this material issue may be presumed to have been found by the court in such way as to sustain the judgment in this case. Under article 1985, Revised Statutes 1911, such a presumption may be properly indulged and frequently is where the material issue in question is not submitted to the jury nor requested by either side to be submitted, but where, as here, the court submits for the jury's consideration any material issue that must be disposed of in order to determine the controversy between the parties, and the jury fails to answer the issue, the court is not authorized to make a finding on the issue that should have been disposed of by the jury. Jaco v. W. A. Nash Co. (Tex. Civ. App.) 269 S. W. 1089, and authorities there cited.

[7] We do not understand able counsel for appellee to make any contention contrary to our conclusion on this point, but they do contend, in substance, that because one of the witnesses for appellees testified, in substance, that the value of the destroyed dwelling house was approximately $4,000, and since the judgment in this case is for considerably less as to the value of the building than that amount, that no prejudicial error resulted to appellant by reason of the failure of the jury to answer the special issue No. 4, they contending in this connection that it is reasonably clear and certain that the jury, in arriving at the value of the destroyed building as fixed by their answer to question No. 6, meant that that amount was all that appellant was liable for on account of its negligence, and that therefore their failure to answer special issue No. 4 became immaterial.

It is proper, in construing a jury's verdict, where there is doubt as to the jury's meaning, to look to the record and read the verdict in the light of the record, that is to say, the pleadings of the parties and the instructions given the jury by the court, and if from the verdict, when read in the light of the record, the meaning of the jury can be ascertained with reasonable certainty, the appropriate judgment should follow. Crenwelge v. Ponder (Tex. Com. App.) 228 S. W. 145; Ryan v. Hays, 62 Tex. 42. But it is not permissible, in trying to ascertain a jury's meaning, to look to the evidence in the case. Bennett v. Seabright (Tex. Civ. App.) 32 S. W. 1048; Harrell v. Babb, 19 Tex. 148; Waco Cement Stone Works v. Smith (Tex. Civ. App.) 162 S. W. 1158.

From the conclusions above expressed, it follows that it is the opinion of this court that the judgment of the trial court should be reversed and the cause remanded, and it has been so ordered.