## ERWIN v. VICTORY MOTOR CO.

### No. 12379.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 15, 1930.

Felder & Nelson and J. T. Montgomery, all of Wichita Falls, for appellant.

Fitzgerald & Hatchitt, of Wichita Falls, for appellee.

CONNER, C. J.

This is the second appeal in the above-styled cause. On the former appeal a judgment in favor of appellant Erwin was reversed for reasons set forth in the opinion of Dunklin, Associate Justice, reported in 12 S. W.(2d) 1059, to which we refer for a full statement of the case. We will, however, give such brief outline as is thought to be necessary to an understanding of our conclusions on the present appeal.

Erwin, under a trade-name, was doing business in Wichita Falls as a dealer in new and secondhand automobiles, and in connection therewith conducted a garage and repair shop. The Victory Motor Company, a private corporation, was likewise so engaged. The sole owners and holders of the capital stock of this corporation were L. O. Brown, its president, Mary J. Bever, Oscar Williams, and F. W. Grogan. On the former trial the case was submitted to a jury on allegations to the effect that the parties had entered into a contract to consolidate the assets of the two concerns and continue the business under said corporate name; that the values of the assets had been agreed upon, and that the plaintiff Erwin was to receive the same per cent. of the capital stock of the corporation as the value of Erwin's assets bore to the value of the corporation properties, and that in addition thereto Erwin was to receive $250 a month for his services. The allegations were to the further effect that, pursuant to the terms of said agreement, the properties of the two concerns were consolidated and the business continued in the name of said corporation as contemplated for two months, when the defendants refused to longer so continue, and refused to pay wages

and deliver to plaintiff his capital stock as had been agreed upon, and notified plaintiff to remove all assets on hand which he had contributed to the business, which plaintiff thereupon did.

The judgment on the former appeal was reversed as will be seen by reference to the opinion referred to, on the ground, in substance, that the plaintiff's petition sought a recovery on the theory of defendants' breach of their contract of purchase of his assets and to pay therefor in capital stock in the Victory Motor Company. We held, in substance, that, inasmuch as the plaintiff had acquiesced in defendants' demand for a removal of his assets, there was a substantial cancellation or abandonment of the contract, and that therefore he could not recover for losses or damages measured by its terms.

The judgment of reversal by this court was rendered on December 8, 1928, and the record discloses that thereafter another trial was had again resulting in a verdict in plaintiff's favor, but that thereafter, on October 5, 1929, the trial judge set aside this verdict and gave the defendants a new trial. The record fails to disclose further proceedings in the case until July 15, 1929, when plaintiff filed his fourth amended original petition, now before us for construction. This petition presents the facts with some elaboration substantially as presented to us on the former appeal, except that the plaintiff only sought to recover the alleged reasonable value of his personal services and of the assets, which, under the contract, had been delivered to the defendants, but not returned, instead of the value of the services and of those articles as specified in the contract. To this petition the defendants answered by general and special demurrers, which were sustained by the court. The plaintiff excepted to the court's ruling, and, having declined to amend, the court dismissed the case. From this judgment the plaintiff has appealed and assigns error to the action of the court.

Plaintiff's exception to the action of the court complained of is presented in the record by a bill of exception to which the trial judge appended the following explanation:

"The above and foregoing bill of exceptions is approved, with the following qualifications and explanation: After the second trial of the case on towit, the 5th day of October, 1929, the court granted a new trial on motion of the defendants, and at the time of granting said motion the court announced to counsel that in the opinion of the court the evidence in the case, which had been fully developed, did not disclose a conversion of the property of the plaintiff but that it established the existence of a quasi-partnership between the plaintiff and the Victory Motor Company during the period they did business together. That the intended merger of the two companies failed to be finally consum-

mated and that the relations which did exist between the parties are to be governed by the law of partnership. Thereupon the court offered to appoint an auditor to state the account between them and directed the parties to replead the case so as to correspond with the views of the court as to the law of the case.

"Plaintiff declined to replead and thereupon the court sustained the exceptions as stated."

 We do not understand that we can now take judicial cognizance of the proceedings of the former term, which terminated on the 5th day of October, 1929. The evidence, verdict of the jury, orders, and other proceedings were never brought before us or any other revisory court so far as we know, and the mere recitation in narrative form by the trial judge cannot be accepted as a substitute therefor. The question now and here brought within our jurisdiction is whether the court erred in sustaining the defendant's general and special demurrers to the plaintiff's fourth amended original petition, none other being before us. While the contemplated association of the parties as fixed by the contract set forth in the plaintiff's petition may in some of its features resemble a partnership, yet it cannot be held that the parties intended any such relationship. It must be assumed that the duties, emoluments, and rights in contemplation were those regulated by the laws of the association to the exclusion of inconsistent rights and remedies peculiar to partnerships of any character. In the suit as first instituted, the plaintiff in part based his right to damages prayed for on terms of the parol contract. As stated, we held on the former appeal that this could not be done, inasmuch as it was evident that the contract had not been fully consummated and had been rescinded, and hence that its terms are no longer available as a basis for recovery.

 We know of no way of compelling appellant to resort to remedies, if any, that may be available on the theory that the association while existing was a partnership. We think the facts alleged in plaintiff's petition, which for the purposes of the demurrers, must be accepted as true, entitled plaintiff to recover under familiar principles of law the reasonable value of his services and of the articles specified in the petition, which the defendants failed and refused to redeliver to plaintiff upon the forced abandonment of the contract. Under the circumstances alleged, the law certainly implies a promise on the part of the defendants to render such recompense. We think the right of appellant to rely upon the assumpsit or the implied promise to return or pay the reasonable value of the services received and of the assets not returned is at least as clear as any remedy afforded a part-

ner, and if he so elects, as has been done by the present petition, he is at liberty to do so, but, of course, must abide the consequences of a failure to recover under his chosen theory of the facts.

We conclude that the court erred as assigned, and that the judgment must be reversed and the cause remanded for further proceedings not inconsistent with this opinion.