## ROUNTREE MOTOR CO. v. SMITH MOTOR CO.

### No. 3054.

Court of Civil Appeals of Texas. Beaumont.
June 4, 1937.

Rehearing Denied Oct. 20, 1937.

by the plaintiff was: The defendant, Smith, acted as plaintiff's agent and broker in the sale of new Plymouth and De Soto automobiles in Conroe, Tex.; the defendant was to receive a commission of 10 per cent. of the net sale price of new cars after deducting freight, taxes, and the trade-in allowance of any old car traded in on the purchase. With reference to the old cars the defendant was to recondition them at his own expense to make them salable, and upon resale the defendant was to net the plaintiff the amount at which such used car had been taken in, which trade-in price is referred to in the pleadings and testimony as the inventory price; plaintiff was to pay the defendant, as commission for the sale of used cars, 10 per cent. of the inventory or trade-in price, unless such used car sold for less than the inventory price, in which event the defendant was to receive 10 per cent. of the resale price. If the used car sold for more than inventory price the defendant was to receive the excess, but if it sold for less than inventory price he was to be charged with the difference. It will be observed that under such contract the defendant had to look to such excess of sale price over the inventory for repayment for his labor and replacements but he was entitled to receive all of such excess of the sale price over the inventory.

The plaintiff charged a breach of the contract by the defendant in a number of respects, including his failure to operate the agency business in a good and businesslike manner, in failing to furnish the plaintiff with a full and complete inventory of the stock of cars on hand and failing to render a full and correct accounting, etc., and also in failing to surrender possession of the cars when demanded by the plaintiff. The plaintiff sequestered the used automobiles and on failure of the defendant to replevy them in accordance with the statute the plaintiff replevied them and took possession of them.

The defendant answered by numerous exceptions and by denial of the material allegations. By way of cross-action the defendant alleged a breach of contract by the plaintiff and that plaintiff had acted wrongfully and without probable cause in suing out the sequestration and taking the cars from his possession. He sued the plaintiff (1) for the reasonable value of repairs and parts made by the defendant on the used cars which were so taken possession of by the plaintiff: the alleged,

Henderson & Copeland, of Houston, and Crawford & Crawford, of Conroe, for appellant.

McComb & Marsh, of Conroe, for appellee.

COMBS, Justice.

This suit arose out of an automobile agency contract whereby appellee, L. O. Smith, doing business as the Smith Motor Company, represented the appellant, Rountree Motor Company, a corporation, Houston, Tex., as its automobile sales agent in the town of Conroe, Tex. Claiming a breach of the contract the appellant, as plaintiff, instituted this suit for possession of ten secondhand automobiles of the alleged total value of $2,130 which had been taken in by Smith as part payment on the purchase of new cars.

The contract was oral. However, there is little dispute about the terms of it. So far as material, the contract as pleaded

repairs and replacement parts and the value thereof were alleged in detail in the total amount of $741.66; (2) unpaid commissions on cars sold, $186.80; (3) repairs and replacements on cars turned over to the plaintiff, $166.90; (4) repairs on cars sold by the plaintiff and not accounted for, $257.21; (5) amount of the excess of sales price over inventory price of certain cars named, $181.20; (6) he also alleged that the plaintiff was entitled to credit on certain items enumerated in the amount of $361.93. The different claims, as above enumerated, were separately alleged and fully and definitely set out.

The case was submitted to a jury on special issues, all of which were answered in favor of the defendant. The trial court, on the verdict of the jury, entered judgment against the plaintiff and in favor of the defendant in the amount of $1,359.-24.

### Opinion.

Appellant's brief presents 100 assignments of error. We will not undertake to discuss the individual assignments, but all of them are disposed of by the holdings discussed below.

▬ Appellant contends by several assignments that the appellee was not entitled to recover for repairs and replacements made on the used cars for the reason that under the contract as pleaded and proved he was to be repaid only from the excess of the sale price of the cars repaired over the inventory or trade-in price, and that since the cars were not sold he could not recover on such items.

The contention overlooks the fact that under the findings of the jury the appellant breached its contract and wrongfully sequestered and took possession of the cars from the appellee. He was thereby denied his right to retain and make sale of the used cars which he had repaired and reconditioned. Having taken the cars into its possession, the appellant reaped the benefit of the repairs and replacements made by the appellee and thereby became obligated to pay him the reasonable value of them. Fayette County v. Faisin's Executors, 44 Tex. 585; Erwin v. Victory Motor Co. (Tex.Civ.App.) 33 S.W.(2d) 867.

▬ It was not necessary for the appellee to plead and prove that said cars could have been sold for a price in excess of the inventory sufficient to pay the amount of the repairs and replacements. The recovery is not on the contract nor for damages for the breach but on an implied promise to pay the value of the benefits so received. It is not material that the appellant did not in fact agree to pay for the repairs and parts. The promise. is one which arises by implication of law. The appellee pleaded the facts and specifically alleged the value of the repairs and replacements and sought payment for them on the ground that the cars were wrongfully taken from his possession by the plaintiff.

▬ The appellee claimed that plaintiff owed him $181.20 as the result of the sale of used cars for an amount in excess of the inventory. This was a controverted issue in that the appellant contended that the sales in question were in some instances not consummated and in some were simulated, and that the cars did not in fact sell for an amount in excess of the inventory. The controverted matter was submitted to the jury by special issue No. 6, which was as follows:

#### "Special Issue No. 6

"What amount of money, if any, do you find from a preponderance of the evidence is due to L. O. Smith by the Rountree Motor Company as a result of used cars being sold for an amount of money in excess of the inventory price?"

Appellant objected to the issue on the grounds:

"1. (b) Because it assumes that there is an agreement as to such excess covering all cars sold without qualification; (c) Because same is a comment on the evidence and on the weight of the evidence."

"2. (c) Because same assumes that there was an agreement by the Rountree Motor Company to pay an excess on all cars sold, including cars that were in deals that were not accepted by the Rountree Motor Company; (d) Because same assumes that there was an excess on certain cars."

We think the issue was not subject to the objections urged against it. It submitted the ultimate issue, which was as to the amount of money, if any, due by the plaintiff to the defendant by reason of the cars being sold in excess of the inventory price. The question of whether or not any such sales had been made was but an element of the broader issue and was merely evidentiary in nature. The ap-

pellant did not request the submission of it. If a finding on it be considered necessary it will be deemed as found by the trial court in such manner as to support the judgment. Vernon's Ann.Civil Statutes, art. 2190; Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084. What is said above disposes of similar objections urged against issues, 8, 9, and 10.

Complaint is made of the jury's verdict, particularly their answers to issues 8, 9, and 10, as being indefinite and uncertain. Issue No. 8 inquired as to the amount of money due by the plaintiff to Smith as commissions on the sale of used cars, to which the jury answered: "Amount as claimed." Issue No. 9 inquired as to the reasonable market value of repairs and replacements placed by Smith on automobiles voluntarily delivered by him to the plaintiff, to which the jury answered: "Value as claimed." Special issue No. 10 inquired as to the fair and reasonable charges for repairs and replacements placed by Smith upon the automobiles which were taken from him by the writ of sequestration and the jury answered: "Amount as claimed." We think the answers of the jury were not so indefinite and uncertain as to invalidate the verdict. The defendant, in his cross-petition, separately pleaded each of the items inquired about and the exact amount sued for was stated in dollars and cents. His testimony with reference to such items also was clear. In one instance defendant withdrew his claim for an item which had been included in his pleading. Due allowance was made for it in entering the judgment. The findings "Amount as claimed" and "Value as claimed" were definite and certain in that the amounts so found can be definitely and certainly ascertained from the record. The issues between the parties as to the several claims asserted were sharply drawn. We think it was not error for the trial court to enter judgment on the verdict. Root & Fehl v. Murray Tool Co. (Tex.Com.App.) 26 S.W.(2d) 189, 75 A.L. R. 902; First National Bank v. Rush (Tex. Com.App.) 246 S.W. 349; Gulf, C. & S. F. Ry. Co. v. Saunders (Tex.Civ.App.) 286 S.W. 919; Gulf, C. & S. F. R. Co. v. Baker (Tex.Civ.App.) 218 S.W. 7; Rushing v. Lanier, 51 Tex.Civ.App. 278, 111 S.W. 1089.

■ The judgment shows that the trial court, in entering judgment, correct-ly related the jury's answers to the issues inquired about, as pleaded and established by the defendant's evidence, except with respect to issue No. 8. Issue No. 8 was as follows: "What amount of money, if any, do you find from a preponderance of the evidence is due to L. O. Smith by the Rountree Motor Company as commissions on the sale of used cars?"

The judgment recites: "It is the opinion of the Court and the Court so finds from the record in this cause, that the answer of the Jury to Special Issue No. 8 means 'amount as claimed' under paragraph H in the amount of $168.30 and under paragraph M in the amount of $206.80 of defendant's Second Amended Original Answer and Cross-action."

Paragraph H of defendant's cross-petition referred to by the trial court relates to commissions on cars sold by the defendant for the plaintiff during his agency. But paragraph M does not relate to commissions on cars sold at all. It asserts a claim for 10 per cent. commission on the used cars taken from the possession of the defendant by the sequestration proceedings. Clearly the trial court erred in including that item of $206.80 in the judgment. It was not included in the issue submitted to the jury since the cars were not sold but were taken under sequestration. Moreover, on the case as pleaded the defendant was not entitled to recover the item. It could only be recovered on the theory of damage, a theory not pleaded. The defendant elected to claim the value of the labor and replacement parts used on the cars which were sequestered.

It should be borne in mind that the several items sued on by the defendant in his cross-action fall into two categories. First, there were such items as commissions and labor and repairs on cars turned over to the plaintiff by the defendant under the contract during the existence of the agency and were in the nature of an accounting. His right to recover such items was, of course, measured by the contract. But the claim for the reasonable value of the labor and parts placed on the used cars which were taken from the defendant's possession was not asserted under the contract but on an implied promise.

■ Complaint is made of the argument of appellee's counsel that "Rountree cheated and chiseled and robbed Mr. Smith and I know that a Montgomery County

jury will not stand for any such business." The bill was qualified by the trial court to the effect that he had no recollection of the use of the words "cheated" and "robbed" but he did recall that the word "chiseled" was used by counsel. So the matter, as presented to us, simply is, Did counsel commit reversible error in using the word "chiseled"? The words "chiseled" and "chiseler" were given prominence in the recent past by a high governmental functionary in Washington who sought to "crack down" on the chiselers. But long before the doughty General employed the term Webster's International Dictionary gave as one definition of the verb "chisel," "to cut close as in a bargain; to cheat." And while it may not be an altogether laudatory term, we do not believe that the mere use of it by counsel should be construed as inflammatory or of such evident harmful effect that the case should be reversed.

The judgment of the trial court will be reformed by eliminating therefrom the item of $206.80, reducing the amount of the .judgment by said sum. As so reformed, the judgment of the trial court is affirmed.

### On Rehearing.

■ On the motion for rehearing counsel for appellant insist that our holding to the effect that the trial court did not err in looking to the record to render definite certain answers of the jury to special issues, is in conflict with the holding of the Eastland Court of Civil Appeals in Southern Lumber Co. v. Whiteman, 104 S.W.(2d) 635.

Our holding here is not in conflict with the cited case. That case was ·a boundary suit wherein the plaintiffs made several contentions with reference to the proper location of a disputed boundary. So the jury's finding that the line was "as contended by plaintiffs" amounted to no specific finding. It was indefinite in that such verdict, in the words of Judge Funderburk, "did not itself locate, nor furnish the means of locating, the disputed boundary." In the case before us the issues as framed by the trial judge were clear and explicit. The answers of the jury thereto "amount as claimed," "value as claimed," etc., were rendered definite and certain by reference to the record.

■ It is a rule long sanctioned by the decisions of our courts that reference may be had to the record for the purpose of removing ambiguities and ascertaining the true intent of the verdict of the jury. See James v. Wilson, 7 Tex. 230; Crenwelge v. Ponder (Tex.Com.App.) 228 S.W. 145; McElwrath v. City of McGregor (Tex.Civ.App.) 58 S.W.(2d) 851; Vincent v. Bell (Tex.Civ.App.) 22 S.W.(2d) 753. Where the jury's verdict can be ascertained with definiteness and certainty, as in the case before us, it would not be in keeping with justice or common sense to order a new trial merely because the jury may have disregarded the niceties of technical form in returning the verdict.

It is also insisted that the trial court erred in declaring the amount due by the appellant for the reasonable value of the labor and materials a lien upon the cars which the appellant repossessed from the appellee.

■ It is not material, we think, that no lien was created by express contract or by operation of the statute. On the facts of the case the court was warranted in decreeing an equitable lien in favor of the appellee for the reasonable value of the labor and material expended upon the cars which the appellant wrongfully took from his possession. Upon such a state of facts equity may regard as done that which ought to be done. Luse v. Rea (Tex.Civ.App.) 207 S.W. 942, affirmed (Tex.Com.App.) 231 S.W. 310. Such a lien may be, and often is, founded upon an implied contract as in the instant case. Longhart Supply Co. v. Keystone Pipe & Supply Co. (Tex.Civ.App.) 26 S.W.(2d) 389, 393; Batson v. Coley & Wilson (Tex. Civ.App.) 59 S.W.(2d) 445; Industrial Lumber Co. v. Texas Pine Land Ass'n, 31 Tex.Civ.App. 375, 72 S.W. 875 (writ refused). The principle is thus stated in 17 R.C.L. 605, and quoted with approval in Longhart Supply Co. v. Keystone Pipe & Supply Co., supra: "Even in the absence of an express contract, a lien based upon the fundamental maxims of equity, may be implied and declared by a court of chancery out of general consideration of right and justice as applied to the relation of the parties and the circumstances of their dealings."

Complaint is also made of our failure to discuss a number of assignments urged by the appellant. Something like 100 assignments are presented in the brief. It would serve no good purpose for us to take them

up seriatim. Moreover the matters complained of present questions of law which will be available to the appellant upon petition for writ of error.

The motion for rehearing is overruled.