Opinion issued May 8, 2003












In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-01-00620-CV
____________

HORACIO BARRIOS, Appellant

V.

ENTERPRISE LEASING COMPANY OF HOUSTON, Appellee




On Appeal from the County Civil Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 702,379




EN BANC OPINION
          Appellee, Enterprise Leasing of Houston (Enterprise), sued appellant, Horacio
Barrios, for breach of contract. The trial court rendered a partial summary judgment
for Enterprise on the issue of liability. The issues of attorney’s fees and damages
were then presented to the court. The partial summary judgment later became final
when the trial court rendered a final judgment, awarding Enterprise $24,579 in
damages, $1,500 in attorney’s fees, pre-judgment and postjudgment interest, and
court costs. Barrios appeals the rendition of summary judgment. We reverse.
Background
          On April 23, 1998, Barrios rented a car from Enterprise by executing a written
vehicle rental contract. During the rental term, the car was stolen. Both parties
acknowledge that the automobile was stolen while in Barrios’s possession, but there
is neither pleading nor proof that the loss was due to Barrios’s misconduct or lack of
diligence. After Barrios refused to reimburse or otherwise compensate Enterprise for
the theft of the car, Enterprise sued him for breach of contract.
          Enterprise filed a motion for summary judgment on the issue of liability, with
the rental contract attached to the motion. In its motion, Enterprise argued that the
undisputed facts showed that: (1) Barrios rented the car; (2) the car was stolen; (3) 
the rental contract specified that the vehicle would be returned in the same condition
it was in when it was rented; (4) the rental contract specified that the renter was liable
for all damage or loss of the vehicle; and (5) Barrios refused to reimburse Enterprise
for the value of the stolen car. Barrios did not dispute that he executed the rental
contract, nor did he object to its authenticity. Barrios initialed the boxes where it
stated that he “accepts damage responsibility” and “declines personal accident
insurance.” He also acknowledged in writing that he had read and agreed to the terms
and conditions of the contract. The contract stated that Barrios “agrees to return car
to [Enterprise] in the same condition as received . . . ordinary wear and tear accepted
[sic].” 
          In his response to the motion for summary judgment, Barrios argued that an
Enterprise employee had told him that his personal insurance policy would cover any
loss to the car, thus he did not purchase any additional insurance from Enterprise
because Barrios contends that he relied on the employee’s representations; otherwise,
he would have bought additional insurance. 
Issues
          In his sole point of error, Barrios contends that the trial court erred in rendering
summary judgment because: (1) Enterprise’s motion was not supported by competent
summary judgment evidence because Barrios’s responses to Enterprise’s request for
admissions were not attached to the summary judgment motion or included in the
clerk’s record on appeal, and (2) the evidence created a genuine issue of material fact.Incomplete Record
          We first address Barrios’s complaints about the record, in which he argues that
Enterprise did not attach an exhibit to its motion for summary judgment. Rule
166a(c) provides that summary judgment shall be rendered on evidence on file at the
time of hearing or filed thereafter and before judgment with permission of the court. 
Tex. R. Civ. P. 166a(c); see also Gandara v. Novasad, 752 S.W.2d 740,743 (Tex.
App.—Corpus Christi 1988, no writ). 
          In its motion for summary judgment, Enterprise attached an affidavit from its
attorney, which stated, “Attached is a true and correct copy of the responses [to
requests for admissions] filed by Mr. Barrios’ attorney admitting the essential
elements of the Motion.” The admissions, however, were not attached to Enterprise’s
motion for summary judgment. In its brief, Enterprise “cannot explain why” the
admissions were “not attached to the clerk’s record but appear in the court’s file.” 
          After reviewing the clerk’s record, we conclude that the admissions are not
attached as an exhibit to Enterprise’s motion for summary judgment. We note,
however, that Barrios did not object. Nor did he raise this issue to the trial court in
his response to the motion. Notwithstanding the state of the record, Enterprise asserts
that its motion for summary judgment is sufficient without the admissions. 
Accordingly, we will consider whether Enterprise’s motion was supported by
competent summary judgment evidence based solely on the rental contract and
business records affidavit from the custodian authenticating the document. 

Summary Judgment
          Enterprise moved for summary judgment based on the terms of the rental
contract, which it contends provide in part that the renter agrees to pay the owner the
retail value of replacing the rental car regardless of fault or negligence. In the
affidavit he attached to his response to Enterprise’s motion for summary judgment,
Barrios states: 
I was informed by the Enterprise employee that the policy of insurance
that I showed him would cover any loss to the vehicle. Therefore, I did
not purchase additional insurance from Enterprise, based upon the
representations of the Enterprise employee. If I had known that the
Enterprise employee had told me incorrectly about the coverage afforded
by my automobile insurance policy, I would have purchased additional
insurance.

Enterprise argues that, because the collision damage waiver does not apply if the
rental car is stolen, Barrios’s reliance on this assurance is immaterial. In other words,
Enterprise contends that, even if Barrios had purchased the collision damage waiver,
this would not have shielded him from liability for the full replacement value of the
car. Although this contention may be true, it is a red herring in the context of this
case. The narrow issue before us is whether the contract terms conclusively establish
Barrios’s liability as a matter of law for the theft of the leased vehicle. The
determination of this question requires a legal interpretation of the terms of the rental
contract. 
          Standard of Review
          Summary judgment is a harsh remedy, one not favored by the courts. See
Chadderdon v. Blaschke, 988 S.W.2d 387, 388 (Tex. App.—Houston [1st Dist.]
1999, no pet.). Under the standard of review for a traditional summary judgment, the
moving party has the burden of establishing that no material fact issue exists and that
it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); M.D. Anderson
Hosp. and Tumor Inst. v. Willrich, 28 S.W.3d 22, 23 (Tex. 2000). In determining
whether a disputed material fact issue precludes summary judgment, the court must
take evidence favorable to the non-movant as true and indulge every reasonable
inference in favor of the non-movant. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d
546, 548-49 (Tex. 1985). 
          A plaintiff moving for summary judgment on its claim must establish its right
to summary judgment on the issues expressly presented to the trial court by
conclusively proving all the elements of its cause of action as a matter of law. Rhone-Poulenc v. Steel, 997 S.W. 2d 217, 221 (Tex. 1999). Even in the absence of a
response by the non-movant, we may consider whether the proof is insufficient to
establish as a matter of law the specific grounds for summary judgment relied on by
the movant. Fantastic Homes, Inc. v. Combs, 596 S.W.2d 502, 502 (Tex. 1979). 
Because the rendition of summary judgment is a question of law, we review the trial
court’s decision de novo. Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex.
1994).
          The Contract Terms
          Enterprise contends that Barrios breached his promise under the rental contract
to pay not only for the cost of renting the car and for damage or loss to the car, but
also for loss of the full retail value of the car if stolen through no fault or negligence
of his own. The question before us, therefore, is whether the summary judgment proof
established that Enterprise is entitled as a matter of law to recover for breach of
contract. See General Elec. Supply Co. v. Gulf Electroquip, Inc., 857 S.W.2d 591, 602
(Tex. App.—Houston [1st Dist.] 1993, no writ). 
          The essential elements of a breach of contract action are: (1) the existence of
a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach
of the contract by the defendant; and (4) damages sustained by the plaintiff as a result
of the breach. Valero Mktg. & Supply Co. v. Kalama Int’l, L.L.C., 51 S.W.3d 345,
351 (Tex. App.—Houston [1st Dist.] 2001, no pet.). Breach of a promise to pay is
a breach of contract. See Sims v. Falvey, 234 S.W.2d 465, 471 (Tex. Civ.
App.—Beaumont 1950, writ ref’d n.r.e.); Rountree Motor Co. v. Smith Motor Co.,
109 S.W.2d 296, 298 (Tex. Civ. App.—Beaumont 1937, writ dism’d). 
          To establish its right to recover the value of the stolen car from Barrios without
a trial, Enterprise had to establish as a matter of law that (1) Barrios rented the car;
(2) under the terms of the rental contract, Barrios promised to return the car or pay
Enterprise the retail value of the car in the event it was stolen through no fault or
negligence of his own; (3) the car was stolen, and Barrios, therefore, did not return
it, nor did he pay Enterprise its retail value; and (4) Enterprise suffered the loss of the
value of the car. We are persuaded that the contract itself does not establish as a
matter of law that Barrios promised to pay Enterprise the retail value of the rental car
in the event it was stolen without fault or negligence on his part. 
          We look to the contract to determine its terms. If a written instrument is so
worded that it can be given a certain or definite legal meaning or interpretation, then
it is not ambiguous and the court will construe the contract as a matter of law. Coker
v. Coker, 650 S.W.2d 391, 393 (Tex. 1983). A contract, however, is ambiguous when
its meaning is uncertain and doubtful or it is reasonably susceptible to more than one
meaning. Id. Whether a contract is ambiguous is a question of law for the court to
decide by looking at the contract as a whole in light of the circumstances present
when the contract was entered. Id. at 394. When a contract contains an ambiguity,
the granting of a motion for summary judgment is improper because the interpretation
of the instrument becomes a fact issue. Id.; Harris v. Rowe, 593 S.W.2d 303, 306
(Tex. 1980); Hussong v. Schwan’s Sales Enters., Inc., 896 S.W.2d 320, 324 (Tex.
App.—Houston [1st Dist.] 1995, no writ).
          To establish Barrios’s liability, Enterprise relies on a provision on the reverse
side of the first page of the rental contract that provides:
RENTER EXPRESSLY AGREES TO PAY TO OWNER ON
DEMAND:
* * * 
(I) Damage to rented car if Damage Waiver is not purchased or does not
apply.
 
DAMAGE TO RENTED CAR: Renter is responsible for and agrees to
pay to Owner the retail value of replacing and/or repairing all losses and
damages to the rented car including “loss of use” during the period it is
unavailable for rental use as measured by reasonable rental value of
renting a replacement car, regardless of fault or negligence by the Renter
or any person, and regardless if damages are a result of an act of God. 
Owner offers and renter agrees to pay an additional fee for DAMAGE
WAIVER. . . . Renter’s insurance is primary. Damage Waiver does not
apply if the car is stolen. . . . 

Enterprise argues that this provision establishes Barrios’s liability as a matter of law,
and the trial court evidently agreed. We do not.
          We are troubled by what we perceive to be a lack of clear disclosure in the
rental car contract. The provision relied on by Enterprise to establish Barrios’s
liability raises an obvious question: Does this provision, read in its entirety, impose
liability on Barrios, regardless of fault, for loss of a stolen vehicle? The title of the
provision is “Damage to Rented Car,” not “Loss of Rented Car”; and all references
in the provision are, correspondingly, to loss or damage to the rental car. Moreover,
after specifically providing that the renter agrees to pay Enterprise “the retail value
of replacing and/or repairing all losses and damages to the rented car,” the provision
continues, “including ‘loss of use’ during the period it is unavailable for rental use as
measured by reasonable rental value of renting a replacement car.” (Emphasis
added.) A natural reading of the language of the provision is that the general terms
“loss or damage” are limited to loss or damage “to” the car, which is compensable by
paying the retail value of replacement or loss to it, including the loss of rent while the
car is out of service. Nowhere does the “Damage to Rented Car” provision (or any
other provision in the contract) expressly state that the renter promises to pay the
retail replacement value of the car itself if it is stolen. 
          Although the dissent relies upon the statutory language in article 9026, section
3 of the Texas Civil Statutes


 which defines “damage” to a rental car as including
theft, that statute was not included in the evidence before the trial court at the time it
rendered its summary judgment; Enterprise relied solely upon the contract itself. We
see nothing within the four corners of the contract that conveys to the renter his
obligation to reimburse Enterprise for the value of a stolen car. We find, therefore,
that the “Damage to Rented Car” provision in the rental contract is ambiguous as to
whether it expresses a promise by the renter to pay Enterprise the retail value of a
rented vehicle that is stolen through no fault or negligence of his own.


 
          We also observe that nowhere else in the rental contract does it state that a
renter must pay Enterprise the full retail value of a rented vehicle that is stolen. 
Rather, the notice on the face of the contract in a box with large type provides in part,
“TEXAS PERSONAL AUTO POLICIES COVER LEGAL LIABILITIES FOR LOSS
OR DAMAGE, EXCEPT INTENTIONAL, TO RENTED VEHICLES.” A natural
reading of this paragraph, coupled with Barrios’s assertion that he was verbally
assured by the Enterprise agent that his automobile policy would cover any losses,
can reasonably be interpreted as reassurance to a renter that he is insured against legal
liability for unintentional loss or damage to the vehicle, including loss of the vehicle,
without the necessity of buying additional insurance. 
          Finally, we observe that the assumption that a renter would understand he is
undertaking the responsibility of replacing the car if it is stolen is not one that
reasonably should be imputed to most consumers, who cannot be expected to interpret
contract terms in a sophisticated manner and who, in the process of renting a car,
cannot reasonably consult an attorney. See generally Hidalgo v. Sur. Savs. and Loan
Ass’n, 502 S.W.2d 220, 224 (Tex. Civ. App.—El Paso 1973, no writ) (observing that
it is not too far fetched to suggest consumers seldom understand the character of the
instrument they are signing).
          We hold that the terms of the rental contract here are ambiguous; accordingly,
we hold that summary judgment was not proper. See Coker, 650 S.W.2d at 393;
Harris, 593 S.W.2d at 306. We sustain appellant’s point of error.
          We reverse the trial court’s judgment and remand the cause.

 
                                                                        Evelyn V. Keyes
                                                                        Justice
Panel consists of Justices Hedges, Keyes, and Evans.




En banc consideration was requested. Tex. R. App. P. 41.2(c).

A majority of the Court voted to grant en banc consideration.

The en banc Court consists of Chief Justice Radack and Justices Hedges, Taft,
Nuchia, Jennings, Keyes, Alcala, Hanks, Higley, and Evans.

Justice Keyes, writing for the majority of the en banc Court, joined by Justices Taft,
Alcala, Higley, and Hanks.

Justice Evans, concurring.

Justice Hedges, dissenting, joined by Chief Justice Radack and Justices Nuchia and
Jennings.

Justice Jennings, dissenting.